IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 18-20215 |
| NCW PROPERTIES, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Timothy A. Barnes |
| ) | |
| ) | |
| DONALD A. STUKES, Liquidating Trustee, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 20-00247 |
| v. ) | |
| ) | |
| JAMES FIGLIULO, MARTIN DOOLEY a/k/a ) | |
| Marty Dooley, and RICHARD BELNIAK a/k/a ) | |
| Rick Belniak, ) | |
| ) | |
| Defendants. ) | |

**MOTION OF DEFENDANT JAMES R. FIGLIULO TO WITHDRAW
REFERENCE OF ADVERSARY PROCEEDING**

Defendant James R. Figliulo ("Figliulo"), by his attorneys, hereby moves the District Court pursuant to 28 USC §157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, Fed.R.Bankr.P. 5011, to withdraw reference of the pending adversary proceeding from the Bankruptcy Court. In support thereof, Figliulo states as follows:

**FACTUAL BACKGROUND**

On or about July 16, 2020, Donald A. Stukes, not individually, but in his capacity as Liquidating Trustee, ("Liquidating Trustee"), for the bankruptcy estate of NCW Properties, LLC, filed a multi-count complaint against Figliulo and defendants Martin Dooley ("Dooley") and Richard Belniak ("Belniak"), collectively ("Defendants"), alleging *inter alia* that the Defendants were the recipients of certain pre-petition transfers which the Liquidating Trustee seeks to avoid

pursuant to 11 U.S.C. §§548 and 550, as well as the Illinois Fraudulent Transfer Act. 740 ILCS 160/5.

On August 17, 2020, Figliulo filed his answer denying the allegations in the adversary complaint and pursuant to his rights under the Seventh Amendment demanded a trial by jury. Figliulo has the right to a jury trial with respect to each of the counts in the complaint, and does not consent to a jury trial in the Bankruptcy Court pursuant to 28 U.S.C. §157(e) and Bankruptcy Rule 7012(b).[1] On October 20, 2020, the Bankruptcy Court entered an order requiring that any motions for withdrawal of the reference be filed on or before November 18, 2020. [*Adv. Dkt.* No. 12]. Based on the above, Figliulo seeks withdrawal of the reference of this adversary proceeding.

## STANDARD

The party requesting withdrawal of the reference has the burden of proving that the reference should be withdrawn. *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 185 (N.D. Ill. 1997); see also *In re E&S Facilities, Inc.*, 181 B.R. 369, 372 (S.D. Ind. 1995); *In re Clark*, 1995 WL 495951, *2 (N.D. Ill. 1995).

## ARGUMENT

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Act")[2] grants the district courts original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, *see* 28 U.S.C. §1334(b), but also allows federal courts to "refer" bankruptcy cases automatically to the bankruptcy judges for the district. *See* 28 U.S.C. §157(a). The authority to refer is tempered,

---

[1] In 1994, the Bankruptcy Code was amended to include 28 U.S.C. § 157(e), which provides that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the *express consent of all the* parties." 28 U.S.C. § 157(e). (emphasis added).

[2] The Act was passed by Congress in response to the United States Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

however, with a provision that the reference may or shall be withdrawn in certain situations. Section 157(d) allows permissive withdrawal of a case referred to bankruptcy court for cause shown, but also requires mandatory withdrawal of such referral in certain situations. *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996).

Section 157(d) provides:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of a party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if a court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d) (emphasis added). For the reasons discussed below, the District Court should withdraw the reference of this adversary proceeding for cause, as Figliulo has the right to a jury trial and does not consent to a jury trial in the Bankruptcy Court.

**I.    The Reference Should Be Withdrawn For Cause Because Figliulo Has a Right to a Jury Trial on the Claims Alleged in the Adversary Complaint.**

To determine whether a particular litigant is entitled to a jury trial, a court must examine a combination of three factors. *In re Keck, Mahin & Cate*, 2001 WL 292559, *1 (N.D. Ill. 2001), *Granfinanceria, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989); *see also In re Marshland Dev., Inc.*, 129 B.R. 626, 628 (Bankr. N.D. Cal. 1991). "First, [a court must] compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [a court must] examine the remedy sought and determine whether it is legal or equitable in nature*.*" *In re Keck*, at *1, *quoting Tull v. United States*, 481 U.S. 412, 417 (1987). The inquiry regarding whether the remedy is legal or equitable is more important. *In re Keck,* at *1, *citing Granfinanceria*, 492 U.S. at 47-48. A third factor is whether the cause of action involves a matter of a private or public right. *Granfinanceria*, 492 U.S. at 42. The United States Supreme

3

Court opined that if "Congress creates new statutory 'public rights' it may assign their adjudication to an administrative agency with which a jury trial would be incompatible without violating" the Seventh Amendment's right to a jury trial. *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 443 (1977). Put another way, if the right at issue is a private right, i.e., it involves the liability of one individual to another under the law as defined, then a jury trial right attaches. *In re Keck*, at *1, *citing Crowell v. Benson*, 285 U.S. 22, 51 (1932). If the right at issue is a public right, i.e., involves disputes between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or

Here, the adversary complaint seeks to recover certain pre-petition transfers from the Debtor as fraudulent conveyances. The Supreme Court in *Granfinaciera, S.A. v. Nordberg* held that an adversary defendant in such a case has a right to a jury trial:

> The question presented is whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. We hold that the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress's designation of fraudulent conveyance actions as "core proceedings" in 28 U.S.C. § 157(b)(2)(H).

*Granfinaciera*, 492 U.S. at 36. Accordingly, there can be no dispute that Figliulo and the other adversary defendants, none of whom have submitted a claim against the bankruptcy estate or consented to a jury trial in the Bankruptcy Court, are entitled to a jury trial on the Liquidating Trustee's claims. *See In re Chemetco, Inc. (Grandy v. Fox Hills Ind., Inc.)*, 308 B.R. 339, 341 (Bankr. S. Dist. Ill. 2004) (defendant in a preferential transfer suit was entitled to a jury trial when it had not filed a claim against the Debtor's estate and did not otherwise consent to a jury trial in the Bankruptcy Court); *In re Beale (Maxwell v. Kemp)*, 410 B.R. 613, 617 (N.D. Ill. 2009) ("Regardless of whether the proceeding is core or non-core, any jury trial must be conducted by an Article III court unless the parties consent to the Bankruptcy Court.").

4

**II.     The Bankruptcy Court's Lack of Authority to Conduct a Jury Trial Constitutes Cause for Withdrawal Pursuant to §157(d).**

Withdrawal of a reference to a bankruptcy court is appropriate if cause exists. 28 U.S.C. §157(d). Cause exists if a party to a proceeding stands on its right to trial by jury and the parties do not consent to adjudication by the bankruptcy court. *In re Novak*, 116 B.R. 626, 627 (N.D. Ill. 1990); *In re Keck, Mahin & Cate*, 2001 WL 292559 (N.D. Ill. 2001); *In re Reda, Inc.*, 60 B.R. 178, 182 (Bankr. N.D. Ill. 1986). *See also In re Transcon Lines*, 121 B.R. 837 (C.D. Cal. 1990); *Growers Packing Company v. Community Bank of Homestead*, 134 B.R. 438 (S.D. Fla. 1991); In re Marina Bay Drive Corp., 123 B.R. 222 (S.D. Tex. 1990); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985).

Figliulo has a right to a jury trial on each of the claims properly alleged in the Adversary Complaint. On August 17, 2020, Figliulo filed his answer, along with a jury demand and indicated that he did not consent to a jury trial in the bankruptcy court. [*Adv. Dkt.* No. 12]. Accordingly, cause exists pursuant to 28 U.S.C. §157(d) for withdrawal of the reference from the Bankruptcy Court.

**III.     Bankruptcy Court Order Required Filing of The Motion At This Time.**

On October 20, 2020, the Bankruptcy Court entered an order requiring that any motions for withdrawal of the reference be filed on or before November 18, 2020. [*Adv. Dkt.* No. 12]. According to the Bankruptcy Court's order, if the motion is not filed, Figliulo waives his right to a jury trial. *Id*. Figliulo brings this motion in compliance with the Court's order recognizing that a number of Courts in this District have held that reference should be withdrawn at the time the case is ready for trial. See *Official Committee of Unsecured Creditors of Neumann Home, Inc. v. Neumann*, 2009 U.S. Dist. LEXIS 36005 * 7-8 (N.D. Ill. April 27, 2009); *Gecker v. Marathon Fin. Ins. Co.*, 2008 U.S. Dist. LEXIS 60580 *7 (N.D. Ill. July 22, 2008).

Based on the above, and in order to avoid a waiver of Figliulo's jury trial right, cause exists pursuant to 28 U.S.C. §157(d) for withdrawal of the reference from the Bankruptcy Court at this time.

## **CONCLUSION**

For all of the above reasons, Figliulo respectfully requests that this Court withdraw its reference of this matter pursuant to 28 USC §157(d), and grant such other relief as this Court deems just and proper.

Dated:  November 18, 2020                              Respectfully Submitted,

**JAMES R. FIGLIULO**

By:  */s/ Michael K. Desmond*
        One of his Attorneys

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610
mdesmond@fslegal.com

**CERTIFICATE OF SERVICE**

The undersigned attorney states that a copy of the attached

**MOTION TO WITHDRAW REFERENCE**

was caused to be served upon counsel named below (as indicated) via the Court's ECF system on November 18, 2020 and by depositing same in the U.S. Mail (where indicated) at 10 S. LaSalle Street, Chicago, IL 60603 proper postage prepaid.

/s/ Michael K. Desmond

Phillip J. Block, Esq. (6292407)
71 S. Wacker Drive, Suite 3515
Chicago, IL 60606
Tel: (312) 780-1173
pblock@riemerlaw.com


Alan L. Braunstein, Esq. (BBO #546042)
*Admitted Pro Hac Vice*
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
abraunstein@riemerlaw.com


Matthew R. Barrett
HMB Law
500 West Madison
Suite3700
Chicago, IL 60661